# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MICHAEL BLAINE ARDIZONE**                                            **PLAINTIFF**

**VERSUS**                        **CIVIL ACTION NO.: 5:23-cv-00079-DCB-BWR**

**SHERIFF JAMES BRUMFIELD, et al.**                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

On August 24, 2023, *pro se* Plaintiff Michael Blaine Ardizone filed this Complaint under 42 U.S.C. § 1983 while he was housed as an inmate at the Pike County Jail in Magnolia, Mississippi. Compl. [1] at 1. Plaintiff names Sheriff James Brumfield, Warden Herbert Young, and Captain Richard Bynum as Defendants. *Id.* at 2.

On February 12, 2024, the Court set this matter for a screening hearing on May 1, 2024, in Natchez, Mississippi. Order [21]. The Order Setting Omnibus Hearing, along with the Notice of Hearing, was mailed to Plaintiff at his last-known mailing address at the Pike County Jail, and it was returned to the Court as undeliverable. Envelope [26]. In the meantime, Plaintiff had notified the Court that he expected to be released from custody on March 5, 2024, and provided the Court with an updated address in Cumming, Georgia. Notice [24] at 1-2. The Order Setting Omnibus Hearing, along with the Notice of Hearing, was mailed to Plaintiff's updated address, and it was not returned to the Court as undeliverable. The undersigned is thus satisfied that Plaintiff was properly notified of the screening hearing.

On May 1, 2024, the Court came to order at the appointed time and in the appointed location and announced Plaintiff's case. Defendants appeared through counsel and announced that they were ready to proceed. Plaintiff's name was called inside the courtroom three times without a response. Plaintiff's name was then called in the hallway outside the courtroom three times, again without a response. And court security personnel confirmed that Plaintiff had not passed through the security checkpoint at the courthouse to enter the building.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Plaintiff was warned multiple times that it is his responsibility to prosecute this case and that his failure to do so may result in dismissal. *E.g.*, Order [3] at 2; Order Setting Payment Schedule [5] at 2; Order [6] at 2-3; Order Referring

Case [11] at 1; Order Requiring Plaintiff to Respond [14] at 2; Order Setting Omnibus Hearing [21] at 4. Based on Plaintiff's failure to appear at the screening hearing, for which he received notice, the undersigned finds that Plaintiff no longer demonstrates interest in prosecuting his claims. *See Link*, 370 U.S. at 630-31.

## RECOMMENDATION

The undersigned recommends that Plaintiff Michael Blaine Ardizone's Complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L.U.Civ.R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings,

conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

    **SIGNED,** this 2nd day of May, 2024.

                                            *s/ Bradley W. Rath*
                                            BRADLEY W. RATH
                                            UNITED STATES MAGISTRATE JUDGE